**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 25, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 06-30057

Summary Calendar

---

ROSA J DUPRE                                    Plaintiff-Appellee,

versus

WEST BATON ROUGE SCHOOL BOARD            Defendant-Appellant.

---

Appeal from the United States District Court
For the Middle District of Louisiana

---

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Rosa J. Dupre, a black woman, filed this action under Title VII against the West Baton Rouge Parish School Board, claiming retaliation and discrimination based on race in violation of 42 U.S.C. § 2000e-3 and § 2000e-2. Dupre alleges that she was the most qualified applicant for the position of assistant principal at Brusly Middle School, but was passed over in favor of a white female because (1) of her race and (2) of her previously-filed discrimination suit. The district court granted the School

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Board's motion for summary judgment, finding no disputed issue of material fact on the ultimate questions of discrimination or retaliation.  We affirm.

The Magistrate Judge's report, which was adopted by the district court, found that Dupre had established a prima facie case on both her discrimination and retaliation claims.  The report also found, however, that the School Board had successfully rebutted Dupre's prima facie cases with evidence of a legitimate, non-discriminatory reason for promoting Callie Kershaw, a while female, instead of Dupre.  The evidence showed that Callie Kershaw was simply more qualified than Dupre, receiving a higher grade from each hiring-committee member, including one member who was a black woman.

Faced with this rebuttal, Dupre failed to offer sufficient evidence to create a genuine issue of material fact either (1) that the School Board's reason was not true, but was instead a pretext for discrimination, or (2) that the School Board's reason, while true, is only one of the reasons for its conduct, and that another motivating factor was Dupre's race.  *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).  The judgment of the district court is

AFFIRMED.